**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ROBERT JIMENEZ,                         )        CASE NO. ED CV 07-00944 (RZ)
                                        )
                     Plaintiff,         )
                                        )        MEMORANDUM OPINION
        vs.                             )        AND ORDER
                                        )
MICHAEL J. ASTRUE, Commissioner         )
of Social Security,                     )
                                        )
                     Defendant.         )
                                        )

        This matter has returned to this Court after a decision by the Commissioner, denying Plaintiff's application for Supplemental Security Income, which was issued after this court remanded the matter for further proceedings.  The first time the matter was here, the Court found that the Administrative law Judge had not sustained his burden of explaining why he did not find Plaintiff credible.  [AR 342]  The Court remanded for further explanation.

        Plaintiff argues that the Administrative Law Judge did not provide sufficient explanation, and thus has not complied with the Court's mandate.  "Deviation from the court's remand order in the subsequent administrative proceedings is itself legal error, subject to reversal on further judicial review."  *Sullivan v. Hudson*, 490 U.S. 877, 886 (1989)  (citations omitted).  However, this Court finds that the Administrative Law Judge did comply with the Court's mandate, and therefore Plaintiff has not shown any legal error.

As the Court observed when remanding the last time, pain is idiosyncratic and, because it is not the same for everyone, complaints of pain must be accepted as true if they are credible.  To find them not credible, the Administrative Law judge must identify the particular testimony or complaints at issue, and provide sufficient reasons that he does not accept the complaints. *Lester v. Chater*, 81 F.3d 821, 834(9th Cir. 1996).  In doing so, the Administrative Law Judge is entitled to rely on normal techniques of evaluating credibility. *Fair v. Bowen,* 885 F.2d 597, 604 (9th Cir. 1989).

The Administrative Law Judge identified a number of reasons for not believing that Plaintiff's pain was as incapacitating as Plaintiff claimed.  He noted that the kind of medication which Plaintiff took was inconsistent with the degree of pain he asserted.  He noted that, in addition to the relatively mild pain medication, the medical management of Plaintiff's condition was conservative, including physical therapy.  He also noted that electrophysiological studies showed only mild radiculopathy, and that Plaintiff's hypertension was well-controlled.  [AR 317-18]  These are the sorts of factors which an Administrative Law Judge legitimately may rely on in determining that a Plaintiff's testimony is not to be taken at face value. *Johnson v. Shalala*, 60 F.3d 1428, 1433 (9th Cir. 1995).  And even though "subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects.  20 C.F.R. § 404.1529(c)(2)." *Rollins v. Massanari*, 261 F. 3d 853, 857 (9th Cir. 2001).

Plaintiff asserts that the Administrative Law Judge did not take into account the fact that he takes naps, that he uses a cane, and that various medications have side effects.  As support for these matters, however, he references a period after the period at issue on this appeal.  The Court's earlier decision, which was remanded, concerned an application which covered the time period ending on August 23, 2001.  That was the decision which the Appeals Council then vacated and set for further hearing [AR 339]; and the hearing, and the decision which both sides agree is now before the Court, was limited to the time period ending on August 23, 2001.  [AR 316]  Plaintiff filed a second

1  application which covered the period commencing August 24, 2001, but review of the
2  decision concerning that application is not before this Court.

3  In addition, Plaintiff has identified nothing in the record which supports his
4  position that the medications he identifies have side effects which interfere with Plaintiff's
5  ability to work.  In this Court, he cites to certain medical treatises, but that is not evidence
6  which was placed before the administrative body, where the administrative body would
7  have had the opportunity to evaluate it.  This Court does not review decisions *de novo* and
8  take such evidence; it only reviews what the Commissioner in fact did, *Ceguerra v.*
9  *Secretary of Health & Human Services*, 933 F.2d 735, 738 (9th Cir. 1991), and determines
10  if the evidence which was before the Social Security Administration in fact was sufficient.
11  *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

12  In short, the Court finds no basis to overturn the Commissioner's decision.
13  That decision is affirmed.

14  DATED: May 15, 2008

15
16
17
18  _____
19  RALPH ZAREFSKY
    UNITED STATES MAGISTRATE JUDGE
20
21
22
23
24
25
26
27
28